# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **TYRONE GERMANE STAFFORD,** §<br>*Plaintiff* §<br>  §<br>**v.** §<br>  §<br>**KIRK WATSON, et al.,** §<br>*Defendants* § | **Case No. 1:24-CV-00779-DII-SH** |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT**

Before the Court are Plaintiff Tyrone Germane Stafford's Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed July 12, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for Cases Assigned to Austin Docket II. Dkt. 3.

### I.   Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he is unable to pay such fees or security. To determine whether a full or partial filing fee would cause undue financial hardship, a court must examine the applicant's financial condition. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Having reviewed his financial affidavit, the Court finds that Stafford cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Stafford *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving

1

security therefor pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e)(2). Stafford also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may in its discretion impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   Frivolousness Review Under Section 1915(e)(2)

Because Stafford has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court liberally construes the pleadings of litigants who, like Stafford, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Stafford brings this civil rights action under 42 U.S.C. § 1983 against Austin Mayor Kirk Watson, members of the Austin City Council, the Downtown Austin Community Court, the Travis County Commissioners Court, Travis County Sheriff Sally Hernandez, the Chief of Police of the Austin Police Department ("APD"), APD Officers Perez (#9098) and Nicolas (#8422), and several unknown officers. Complaint, Dkt. 1. Stafford, who states that he is homeless, alleges that he was walking in downtown Austin on the night of March 4, 2024, when he crossed a street against the traffic light. *Id.* at 2. A few minutes later, he heard screams from an alley and began videorecording

as police officers searched a woman. *Id.* Stafford alleges that he was arrested by Perez and other unknown officers in retaliation for recording and criticizing police. *Id.* at 3. He alleges that he was taken to jail and "put in solitary confinement" before appearing before the Downtown Austin Community Court. *Id.* at 3.

### A.  Claims Against Perez and Unknown Officers

To state a claim for retaliation under the First Amendment, Stafford must allege that he was engaged in constitutionally protected activity, the defendant's actions caused an injury that would "chill a person of ordinary firmness from continuing to engage in that activity," and the defendant's actions were substantially motivated against the exercise of the constitutionally protected activity. *Villarreal v. City of Laredo*, 94 F.4th 374, 397 (5th Cir. 2024) (en banc) (citation omitted). To show a retaliatory motive, a plaintiff must either produce direct evidence or allege a chronology of events from which retaliation may plausibly be inferred. *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018). Stafford alleges that Perez and the unknown officers retaliated against him after he filmed the police by arresting him for jaywalking and by placing him in "solitary confinement" after Stafford told intake officers about the events in the alley. Dkt. 1 at 2-3.

Subject to reasonable time, place, and manner restrictions, filming police is a protected activity, and an arrest is a sufficient injury to chill a person of ordinary firmness. *Castro v. Salinas*, No. 5:18-cv-00312-JKP-ESC, 2020 WL 3403071, at *4-5 (W.D. Tex. June 19, 2020). While probable cause generally defeats a retaliatory arrest claim, it will not do so in "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). The plaintiff must present objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. *Id.* at 407.

3

Stafford admits that he was jaywalking, but alleges that he "was the only one taken to jail for disregarding traffic control" although others cross streets in downtown Austin "even when cars are coming and the car has the right [of] way." Dkt. 1 at 3. He also alleges that Perez and other officers chose not to arrest him for jaywalking until after he began recording. *Id.*

The Court finds that Stafford has adequately alleged that he was arrested after engaging in constitutionally protected activity and that the arrest was motivated by retaliation because similarly situated individuals were not arrested for the same conduct. Stafford also alleges that he was placed in "solitary confinement" only because he informed other officers of Perez's alleged misconduct. *Id.* at 2. These allegations are sufficient to avoid dismissal for frivolousness.

**B. Claims Against the Downtown Austin Community Court**

Stafford alleges that the Downtown Austin Community Court violated his right to due process when he was jailed because the penalty for jaywalking is limited to a fine. Dkt. 1 at 2-3. This claim must be dismissed because state courts are not legal entities capable of being sued. *Hutchings v. Cnty. of Llano*, No. 1:20-CV-308-LY-SH, 2020 WL 4289383, at *4 (W.D. Tex. July 27, 2020) (collecting cases), *R. & R. adopted*, 2020 WL 6145204 (W.D. Tex. Sept. 3, 2020), *aff'd*, No. 20-50885, 2022 WL 3716483 (5th Cir. Aug. 29, 2022). To the extent that Stafford asserts a claim against the judge who adjudicated his case, the claim is barred by judicial immunity. Judges generally have absolute immunity from suits for damages with two exceptions not applicable here. *Davis v. Tarrant Cnty.*, 565 F.3d 214, 221 (5th Cir. 2009). This claim is frivolous.

**C. Claims Against the Remaining Defendants**

The Court recommends that Stafford's claims against the remaining defendants be dismissed as frivolous because he asserts no factual basis for his § 1983 claim against Watson, members of the Austin City Council, the Travis County Commissioners Court, Hernandez, or "Officer

4

Nicolas." He alleges no specific actions by these Defendants that could give rise to a claim for relief. To the extent Stafford attempts to assert a claim against the City of Austin for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he pleads no facts to show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right," as required by *Monell*. *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023) (citation omitted).

Stafford's claim against the Chief of Police also fails because he alleges no specific acts by the Chief. There is no vicarious or *respondeat superior* liability under § 1983, and an "official cannot be held liable in his individual capacity merely because a subordinate committed some constitutional violation." *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251 (5th Cir. 2022). To state a claim against a supervisor, the plaintiff must allege that the supervisor was either personally involved in the constitutional violation or committed acts that were causally connected to the constitutional violation. *Id.*

### III. Order

The Court **GRANTS** Plaintiff Tyrone Germane Stafford's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case on Defendant APD Officer Perez (#9098).

### IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2) Stafford's claims against Defendants Kirk Watson, members of the Austin City Council, the Downtown Austin Community Court, the

Travis County Commissioners Court, Travis County Sheriff Sally Hernandez, the Chief of Police of the Austin Police Department, and APD Officer Nicolas.

If the District Court accepts this recommendation, only Stafford's claim for retaliation against Officer Perez and unknown APD officers will survive.

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable District Court.

### V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 4, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE