IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TYRONE GERMANE STAFFORD, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:24-CV-779-DII |
| KIRK WATSON, et al., | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Defendant Officer Felix Perez's ("Perez") Motion for a More Definite Statement, (Dkt. 12), in response to *pro se* Plaintiff Tyrone Germane Stafford's ("Stafford") Original Complaint, (Compl., Dkt. 1). In his complaint, Stafford alleges that he was walking in downtown Austin on the night of March 4, 2024, when he crossed a street against the traffic light. (*Id.* at 2). A few minutes later, he heard screams from an alley and began videorecording a woman. (*Id.*). Perez and other unknown officers arrested Stafford for "disregarding [a] traffic control signal." (*Id.* at 3). Stafford argues that he was actually arrested in retaliation for recording and criticizing police. (*Id.*). He alleges that he was taken to jail and "put in solitary confinement" before appearing before the Downtown Austin Community Court. (*Id.*).

Based on these events, Stafford brought a civil rights action under 42 U.S.C. § 1983 against Perez, as well as Austin Mayor Kirk Watson, members of the Austin City Council, the Downtown Austin Community Court, the Travis County Commissioners Court, Travis County Sheriff Sally Hernandez, the Chief of Police of the Austin Police Department, Austin Police Department Officer Nicolas, and several unknown officers. (*Id.* at 1). Finding most of Stafford's claims frivolous under 28 U.S.C. § 1915(e)(2), United States Magistrate Judge Susan Hightower recommended that the Court allow only the claims against Perez to proceed. (R. & R., Dkt. 12). The Court adopted the report and recommendation on October 24, 2024. (Order, Dkt. 14).

Perez filed this Motion for a More Definite Statement on October 15, 2024. (Mot. More Definite Statement, Dkt. 12). In the motion, Perez argues that Stafford failed to explain which actions were taken by which Defendants. (*Id.* at 1). In particular, Perez is mentioned twice in the pleadings, once in "Allegation 2" where Perez is alleged to have placed Stafford in solitary confinement at the jail in retaliation for statements made to intake sheriffs, and once on page three of the complaint under a section entitled "Basic Questions To Be Asked If Allowed to Proceed" where Perez is alleged to have "rounded up" officers to arrest Stafford in alleged retaliation for recording and comments. (*Id.* at 2, 3). Perez seeks a more definite statement of (1) the specific claims against him; (2) whether Stafford has pled guilty to the charges from which this claim arises, in which case his claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) similarly situated individuals who were not arrested for jaywalking—specifically, information about what intersection these individuals crossed the street or at what time or date Stafford saw these individuals cross the street. (*Id.* at 3–4).

When a "party cannot reasonably prepare a response," the Court may require "a more definite statement of a pleading . . . ." Fed. R. Civ. P 12(e); *Spencer v. August*, No. 1:17-CV-63, 2020 WL 2832078, at *4 (E.D. Tex. Apr. 17, 2020), *report and recommendation adopted*, No. 1:17-CV-63, 2020 WL 2820303 (E.D. Tex. May 29, 2020) (noting that "the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend" when a complaint does not put defendants on notice of the wrong that occurred). Having reviewed the complaint, the Court finds that Stafford's complaint fails to lay out with clear and specific language which legal claims are brought against Perez. Stafford's complaint does not meet Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). This ensures that the defendants are given notice of any allegations brought against them and allows a court to analyze

the merits of a claim. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). Here, Perez is unable to respond to Stafford's complaint because it is unclear which facts and claims are alleged as to Perez.

The Court further finds that Stafford's failure to state whether he pled guilty prevents Perez from preparing a response. In his complaint, Stafford suggests that he received some form of offer to plead guilty. (Compl., Dkt. 1, at 2). If Stafford has pled guilty to the charges from which this claim arises, it is possible his claims may be barred by *Heck v. Humphrey*, which does not allow a § 1983 claim to proceed unless the plaintiff is not convicted of the underlying criminal charge or until the conviction is overturned or expunged. 512 U.S. 477, 489–90 (1994). Perez is therefore entitled to a more definite statement as to whether Stafford's claims arise from criminal convictions.

However, Stafford has adequately pled that similarly situated individuals were not arrested for jaywalking. To state a claim for retaliation under the First Amendment, Stafford must allege that he was engaged in constitutionally protected activity, the defendant's actions caused an injury that would "chill a person of ordinary firmness from continuing to engage in that activity," and the defendant's actions were substantially motivated against the exercise of the constitutionally protected activity. *Villarreal v. City of Laredo*, 94 F.4th 374, 397 (5th Cir. 2024) (en banc) (citation omitted). Subject to reasonable time, place, and manner restrictions, filming police is a protected activity, and an arrest is a sufficient injury to chill a person of ordinary firmness. *Castro v. Salinas*, No. 5:18-cv-00312-JKP-ESC, 2020 WL 3403071, at *4-5 (W.D. Tex. June 19, 2020). While probable cause generally defeats a retaliatory arrest claim, it will not do so in "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). The plaintiff must present objective evidence that he was arrested when

otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. *Id.* at 407.

Here, Stafford admits that he was jaywalking but alleges that he "was the only one taken to jail for disregarding traffic control" although others cross streets in downtown Austin "even when cars are coming and the car has the right [of] way." (Compl., Dkt. 1, at 3). He also alleges that Perez and other officers chose not to arrest him for jaywalking until after he began recording. (*Id.*). Because Stafford states that others are not arrested for jaywalking in downtown Austin, he has adequately alleged that similarly situated individuals are not arrested for the conduct that he was arrested for. More specific information about where and at what time police officers allegedly failed to arrest these individuals is not necessary at this stage of litigation.

Accordingly, the Court finds that an order for a more definite statement is appropriate as to the specific claims against Perez and whether Stafford pled guilty, but not as to similarly situated individuals. The Court orders Stafford to submit a more definite statement on those points. Failure to do so will result in the dismissal of his complaint. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order").

In his more definite statement, Stafford should include the following information:

1. What specific actions did Perez take against Stafford, and what claims does Stafford bring against Perez?
2. Did Stafford plead guilty to the crime for which he was arrested?

Accordingly, **IT IS ORDERED** that Stafford shall file a more definite statement, as set out above, **on or before December 23, 2024**.

4

**SIGNED** on November 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5